equally divide the damage caused by the collision with the Hazel Dell, which was also in fault. This view of the case renders it unnecessary for me to consider whether the claim of the respondent for damages for the detention of his vessel should be allowed. That question will properly arise when the defence prevails, and when the judgment of the court fixes no blame on the management of the defendant's vessel.

## Case No. 5,107.

### FRERE v. MUDD.

[2 Cranch, C. C. 407.] [1]

Circuit Court, District of Columbia. April Term, 1823.

THE COURT (nem. con.) refused to discharge him, because, by that section of the act, the power to discharge, in such cases, is given only to the court, or a judge of the court, to whom the execution is returnable.

## Case No. 5,108.

### FREREZ v. The GENESEE.

## Case No. 5,108a.

### FRERICKS v. COSTER.

[17 Reporter, 168.] [2]

Circuit Court, S. D. New York. Jan. 19, 1884.

Edward Salomon, for the motion.
Elihu Root, Dist. Atty., and H. E. Davies, contra.

WALLACE, Circuit Judge. The demurrer interposed by the defendant is not to the whole complaint or to any separate cause of action alleged in the complaint, and is, therefore, an unauthorized pleading. Code, § 492. The supplemental pleading of the plaintiff which is thus demurred to does not take the place of the original complaint; it avers facts arising since the original complaint which increase the plaintiff's damages but do not change his cause of action. It is a pleading in addition to the original complaint but not one in place of it, and is authorized by section 544 of the Code of Procedure. Motion granted.

## Case No. 5,109.

### FRESE et al. v. BACHOF.

[13 Blatchf. 234; [1] Cox. Manual Trade-Mark Cas. 273.]

Circuit Court, S. D. New York. Jan. 10, 1876.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]